UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ERIC MALCOM ROBINSON,<br><br>                                Plaintiff,<br><br>        v.<br><br>WASHINGTON DEPARTMENT OF CORRECTIONS, et al.,<br><br>                                Defendant. | CASE NO. 3:22-cv-05738-DGE-BAT<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff, a pretrial detainee at the Pierce County Jail, seeks 42 U.S.C. § 1983 relief against the following Defendants: Washington Department of Corrections; Pierce County Superior Court's Agents; and Dyann Gregg of the Washington Department of Corrections. *See* Complaint, Dkt. 4. By separate order, the Court has granted Plaintiff's application to proceed *in forma pauperis*.

The Court must screen a prisoner's complaint seeking relief against state actors and must dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(a) and (b)(1), (2). The Court recommends that Plaintiff's claims against Defendants Washington Department of Corrections and against Pierce County Superior Court Agent(s) who allegedly issued a no-contact order and an order of home

REPORT AND RECOMMENDATION - 1

1  confinement be DISMISSED with prejudice. Plaintiff's remaining claims in Counts I, II, III, IV,
2  and V fail to state a claim upon which § 1983 relief may be granted. As no amendment would
3  cure these deficient claims, the Court recommends Plaintiff not be granted leave to amend and
4  that those claims be DISMISSED without prejudice.
5      Plaintiff also alleges in Count VI that Pierce County Jail staff violated his Eighth
6  Amendment rights by placing him in a cell that lacks a toilet, and by sanctioning him by
7  "pushing the button [to use the bathroom] to much." The allegation is subject to dismissal as it
8  fails to name the jail officers that personally participated in the alleged violation and fails to
9  show the matter has been properly exhausted. However, as amendment might cure these
10  deficiencies, the Court recommends granting Plaintiff leave to file an amended complaint limited
11  to the Eighth Amendment claim.

## DISCUSSION

**A.   The Complaint**

    In a six-count complaint Plaintiff raises the following allegations:

    Count I.  On March 16, Defendant Gregg completed a pre-sentence investigation packet in case number 19-1-003145-1 and submitted it to the Pierce County Superior Court for home detention "which created a conflicting court order where Plaintiff Robinson had a no-contact order from cause # 17-1-0072-6." Plaintiff alleges Defendants created a situation in which he was "entrapped" and arrested.

    Count II. "DOC Agents" knowingly approved an address where a no-contact order existed creating conflicting court orders and leading to arrest and loss of freedom.

REPORT AND RECOMMENDATION - 2

Count III. Agents of the Pierce County Superior Court executed a sentence of home detention in case number 19-1-003145-1, creating a situation in which Plaintiff's compliance with one order would violate conditions of another court order.

Count IV. Pierce County Superior Court agents violated Plaintiff's due process rights when Plaintiff was charged with violating a no-contact order.

Count V. Pierce County Superior Court agents violated Plaintiff's rights to equal protection by issuing a confusing court order.

Count VI.  Pierce County Jail staff violated Plaintiff's Eighth Amendment rights by placing Plaintiff into a "dry cell" that requires Plaintiff to use a bag to relieve himself, and by sanctioning Plaintiff for using the bathroom too much and "pushing the button too much."

**B.      Legal Standards**

To avoid dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). The factual allegations must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint may be dismissed if it lacks a cognizable legal theory or states insufficient facts to support a cognizable legal theory. *Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013).

Plaintiff seeks relief under 42, U.S.C. § 1983. To bring a § 1983 civil rights claim, Plaintiff must show (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, plaintiff must allege facts showing how

REPORT AND RECOMMENDATION - 3

individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

Plaintiff has named the "Pierce County Jail Staff" as a defendant. However, the individuals allegedly involved are unnamed and Court cannot serve a complaint on unnamed parties. To obtain relief against a defendant under 42 U.S.C. § 1983, a plaintiff must prove that a particular named defendant has caused or personally participated in causing the deprivation of a particular protected constitutional right. *Arnold*, 637 F.2d at 1355; *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977). A plaintiff must also set forth specific facts showing a causal connection between each defendant's actions and the harm allegedly suffered by plaintiff. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Unnamed persons cannot be served until they are identified by their real names and there are facts showing each named Defendant took action that violated Plaintiff's federal rights. The present complaint is thus deficient and cannot be served until Plaintiff names defendants and alleges each Defendant engaged in acts that violated his rights.

**C.   Dismissal of Claims I through V**

Claims I through V should be dismissed for several reasons. First, Plaintiff alleges he was arrested and improperly charged with violating a no-contact order due to a presentence recommendation and court order that he serve home detention that conflicts with another court order of no-contact. Plaintiff alleges he is a pre-trial detainee, ostensibly pending the outcome of criminal charges for violation of a no-contact order. This Court cannot intervene in a pending state criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. *See Younger v. Harris*, 401 U.S. 401 U.S. 37, 45-46 (1971). The *Younger* abstention doctrine requires the Court to dismiss a federal action if state

REPORT AND RECOMMENDATION - 4

proceedings are (1) ongoing, (2) implicate important state interests, and (3) afford the plaintiff an adequate opportunity to raise the federal issue. *Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 799 (9th Cir. 2001) (citation omitted).

Each of the *Younger* criteria is satisfied here. The complaint alleges on-going state proceedings and involves a criminal prosecution which implicates important state interests. There is nothing indicating Plaintiff cannot raise in his pending criminal case the same claims he raises here or that there is a danger of great and immediate irreparable harm. Rather, Washington courts have long held a "trial court has the power to dismiss a criminal prosecution before trial without prejudice if the facts as alleged by the State, if true would not prove the charge." *State v. Knaptsad*, 107 Wn.2d 346, 352 (1986). Petitioner thus has an opportunity to litigate his claim in the state courts. Therefore, because this action would interfere with a pending state criminal proceeding, the Court must abstain under *Younger* and dismiss the §1983 claims without prejudice.

The Court notes that if Plaintiff has been convicted of violating a no-contact order the relief he seeks under § 1983 is barred because "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). "*Heck*, in other words, says that if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed." *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir.1996). The § 1983 action "is barred (absent prior invalidation) -- no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison

proceedings) -- if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

As Plaintiff's claims are barred under either *Younger* or *Heck* the Court recommends the Counts I through V of the complaint be dismissed without prejudice at this juncture because granting leave to amend would be futile.

**D.     Washington Department of Corrections**

The Washington State Department of Corrections (DOC) is not a proper party to this case. Under the Eleventh Amendment to the Constitution of the United States, neither a state nor a state agency may be sued in federal court without its consent. *Pennhurst St. Sch. & Hosp*. 465 U.S. 89, 100 (1984); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Accordingly, the Court recommends plaintiff's claims against the Washington Department of Corrections be dismissed with prejudice.

**E.     Pierce County Superior Court Agents**

Plaintiff does not name the Superior Court Agents that allegedly violated his rights and as discussed above the Court cannot serve unnamed individuals. Plaintiff, however, alleges the Superior Court violated his rights by issuing a no-contact order and an order of home confinement. These orders obviously were issued by a state court judicial officer and judicial officers are entitled to absolute judicial immunity for acts performed within their judicial capacity. *Mireles v. Waco*, 502 U.S. 9, 9–12 (1991); *see Stump v. Sparkman*, 435 U.S. 349 (1978); *accord Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam) ("Judges are absolutely immune from damages actions for judicial acts taken within the jurisdiction of their courts.") (citation omitted). Judicial immunity applies even when a judge acts in excess of his or her authority. *Id*. at 356. This strong immunity protects judicial

REPORT AND RECOMMENDATION - 6

independence by insulating judges from vexatious actions prosecuted by disgruntled litigants. *Forrester v. White*, 484 U.S. 219, 225 (1988). This immunity is immunity from suit, not a mere defense to liability, so a defendant with absolute immunity is entitled to dismissal before the commencement of discovery. *Mitchell v. Forsyth*, 472 U.S. 511, 526-27(1985).

As the Pierce County Defendant(s) who issued the orders is entitled to absolute immunity, the allegations against this Defendant or Defendants should be dismissed with prejudice.

E.  **Eighth Amendment Violation**

Plaintiff alleges his Eighth Amendment rights were violated by Pierce County Jail staff when they placed him in a dry-cell and sanctioned him for pushing a call button too frequently.

The Prison Litigation Reform Act ("PLRA") provides that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). "Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits." *Porter v. Nussle*, 534 U.S. 516, 524 (2002). Exhaustion is a mandatory prerequisite to filing suit in federal court. *Id*. The exhaustion requirement applies to any suit, brought under any federal statute, regarding conditions of imprisonment, including "all prisoners seeking redress for prison circumstances and occurrences . . . whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532; *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (same). Congress intended the PLRA to apply to all federal laws with respect to prisoner suits, with the intent that prison officials would have the first opportunity to address prison conditions. *Porter*, 534 U.S. at 524-25. Exhaustion "cannot be waived, even when the process is futile or inadequate." *Keal v.*

REPORT AND RECOMMENDATION - 7

*Washington*, Case No. C05-5737 RJB, 2006 WL 2222337 at *3 (W.D. Wash., Aug. 2, 2006); *see also Porter*, 534 U.S. at 524 (exhaustion is mandatory).

The complaint provides no indication that Plaintiff has exhausted his remedies and as noted above, fails to name the individual defendants who allegedly violated his rights by placing him in the dry-cell and imposing sanctions upon him for pushing a call button too frequently. While the current Eighth Amendment allegation is thus deficient and subject to dismissal, the Court recommends that Plaintiff be granted leave to file an amended complaint limited to the Eight Amendment allegation rather than dismiss the allegation at this juncture. The Court also recommends that if Plaintiff fails to file an amended complaint within three weeks of the date of the order adopting this Report and Recommendation, or files a deficient complaint, that the Eighth Amendment allegation be dismissed without prejudice.

## CONCLUSION

The Court recommends Plaintiff's claims against Defendants Washington Department of Corrections and against Pierce County Superior Court Agent(s) who allegedly issued a no-contact order and an order of home confinement be DISMISSED with prejudice. The Court recommends Plaintiff's remaining claims in Counts I, II, III, IV, and V of the complaint be DISMISSED without prejudice.  The Court also recommends that Plaintiff be given leave to file an amended complaint limited to the Eighth Amendment claim raised in Count VI against Pierce County Jail staff within three weeks of the date of the order adopting this Report and Recommendation. If leave to amend is granted, Plaintiff is advised that the amended complaint completely replaces the original complaint and should thus completely articulately the names of the individual jail staff; what specific acts each staff person engaged in that allegedly violated Plaintiff's Eighth Amendment rights, and whether Plaintiff has exhausted his claim by properly

grieving it through the Jail's grievance procedures. The Court also recommends that if Plaintiff fails to file an amended complaint within three weeks of the date of the order adopting this Report and Recommendation, or files a deficient complaint, that the Eighth Amendment allegation be dismissed without prejudice. **OBJECTIONS AND APPEAL**

This Report and Recommendation is not an appealable order. Therefore Plaintiff should not file a notice of appeal in the Court of Appeals for the Ninth Circuit until the assigned District Judge enters a judgment in the case. Plaintiff may file objections no later than **October 28, 2022.** The Clerk shall note the matter for **October 28, 2022**, as ready for the District Judge's consideration. The failure to timely object may affect the right to appeal.

DATED this 7th day of October, 2022.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 9